# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2012

Lyle W. Cayce
Clerk

No. 12-10076
Summary Calendar

VINCENT JOHN BAZEMORE, JR.,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2049

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Vincent John Bazemore, Jr., federal prisoner # 37160-177, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his petition for a writ of audita querela challenging the restitution order imposed in connection with his 2009 conviction for securities fraud. Bazemore contends that the district court lacked the authority to impose restitution in connection with his conviction, but that assuming the court had such authority, the determination as to the amount of restitution was improper. Because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10076

amended judgment which included the restitution order was entered three months after the original judgment, Bazemore contends his argument presents a legal defense arising after the judgment and was therefore properly brought in a petition for a writ of audita querela. Further, Bazemore argues that he has no other adequate remedy for relief and that it would be a miscarriage of justice to refuse to consider his claim. Additionally, he contends that the district court erred by not liberally construing his petition as a petition for a writ of mandamus.

By moving for leave to proceed IFP on appeal, Bazemore is challenging the district court's certification that his appeal presents no nonfrivolous issues and is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Bazemore's attack on the authority of the district court to impose restitution and his challenge to the amount of restitution ordered are not legal defenses that arose after the judgment. *See United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010). Additionally, equitable grounds will not justify a writ of audita querela. *Id.* Therefore, the district court correctly denied Bazemore's petition. Bazemore's argument regarding the request for mandamus relief was not raised in the district court and will not be considered on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999)

In light of the foregoing, Bazemore's IFP motion fails to show error in the district court's certification decision and fails to show that he will raise a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Therefore, Bazemore's motion for leave to proceed IFP on appeal is denied and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.